## THE STATE BANK vs. CRISWELL.

The Bank was not restricted by its charter to dealing in promissory notes only as collateral security.

*Error to Izard Circuit Court.*

The Hon. A. B. GREENWOOD, Circuit Judge.

S. H. HEMPSTEAD, for the plaintiff.

Mr. Justice SCOTT delivered the opinion of the Court.

The Bank sued Criswell, maker, in assumpsit, on a promissory note for $1,228 70, dated the 17th of March, 1842, payable at twelve months, at the Batesville Branch, in Arkansas Bank paper. It was payable upon its face to Wm. S. Hynson, who, on the day of its date, as is alleged, endorsed it to Aaron W. Lyon and Wm. M. Wolf, and they, on the same day, endorsed it to the plaintiff. The writ having been quashed, and final judgment rendered against the plaintiff, the case was brought into this Court, where, at the January term, 1850, that judgment was reversed, and the cause remanded. (5 *Eng. R.*, *in note at p.* 638.) When the cause was returned to the Circuit Court, four pleas in abatement were interposed, the issues upon which having been found for the plaintiff, the defendant filed eleven pleas in bar. After the determination of issues of law as to some of them, issues of fact were formed upon all except the *fourth plea.* To this, the Court below overruled the demurrer that was interposed to it, and the Bank, refusing to answer further, and electing to stand on the demurrer, final judgment was rendered for the defendant, and the Bank brought error.

That plea is as follows, to wit:

"Because, he says that the said plaintiff hath not, by the act of incorporation, nor the laws of the land, authority to deal in such instrument of writing as the one described and set forth in the plaintiff's declaration, unless the same was received by the plaintiff as collateral security, to secure some pre-existing debt due the said plaintiff. And this defendant further avers that the said plaintiff never did receive the said instrument, in the plaintiff's declaration mentioned, as collateral security, nor she does not now hold the same as collateral security. And the said defendant avers that the said plaintiff did not obtain the said instrument of writing in said declaration mentioned by any dealings authorized

by the act of her incorporation, or the laws of the land, and this he is ready to verify," &c.

The sixth section of the Bank charter, (Pamphlet Acts of 1836, p. 17,) in express terms authorized the Bank to "deal in bullion, gold and silver coin, promissory notes, mortgages, bills of exchange, public stock, or any collateral security." No one can reasonably suppose that it was the design of the Legislature that the Bank should have power to deal in gold and silver coin, only by way of collateral security for debts that might be due the institution. Promissory notes are, in express terms, put upon the same footing. Indeed, such a transaction as this, would have been directly within general banking powers without the aid of such an explicit provision, and there is nothing in the liquidation act, which was passed after this transaction, inconsistent with it. In fact, the 31st section of that act expressly authorizes any debtor, upon the conditions expressed, to substitute others in his stead. (Pamphlet Acts of 1843, p. 86.)

The plea was bad beyond all question, and the Court erred in overruling the demurrer, and in rendering the judgment it did. Reversed and remanded.